[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR CONTEMPT AND ORDER TO SHOW CAUSE DATED AUGUST 17, 1999 MOTION NUMBER 128
The marriage of the parties was dissolved by the court (Rubinow, J.) on January 31, 1997. On or about August 1, 1991, while the parties were married, the defendant caused to be issued a life insurance policy covering the plaintiff's life. The facts are not in dispute. The owner and the insured were and continue to be the plaintiff. All premiums to maintain the policy between the issue date and the dissolution of the marriage were paid by the defendant. The plaintiff was aware of the policy and the reasons for its existence i.e. to help the defendant and the parties children financially and to pay the funeral expenses of the plaintiff upon his death.
The judgement provided, inter alia, that "[e]ach party is entitled to retain any 401k, profit sharing, pension plan or life insurance value that is in their name". Each of the parties submitted financial affidavits to the court as part of the dissolution hearing which were both dated October 30, 1996. The plaintiff listed on his financial affidavit under deferred compensation "Philadelphia Life Inc. (8/1/96)" and listed a value of $1,828. The defendant listed on her financial affidavit under insurance a Philadelphia Life policy having a face amount of $150,000 and listing the defendant as the insured.
On December 6, 1999 the parties appeared with counsel and presented evidence. The court finds the following facts. The defendant was the primary wage earner for the family. The plaintiff had a great deal of difficulty with the English language both in written and oral form. Because of the aforementioned financial concerns the defendant applied for the life insurance policy in question. The plaintiff was aware of the policy and as late as the date of the dissolution the plaintiff said "bury me". The defendant continued to pay the premiums on the policy even after the plaintiff remarried. For some reason, during 1999, the plaintiff received a notice of default in the payment of the premiums. He was unaware that the policy was still in force and decided to pay the premium and change the beneficiary to his new wife and her daughter. As the owner of the policy the plaintiff had the legal right to change the CT Page 13466 beneficiary.
Although the settlement agreement and financial affidavits of the parties were ambiguous the court will not consider the defendant's motion as a motion to reopen. From the issue date of the policy until the date of dissolution the defendant received the benefit of the insurance premiums that she paid during the marriage i.e. life insurance coverage on the plaintiff. However, it would be manifestly unfair for the plaintiff to continue the policy in force since his former wife continued to pay the premiums after their marriage was dissolved. He is ordered to pay to the defendant the premiums that she paid subsequent to the date of dissolution until he took over the payment of the premiums. He is ordered to pay the defendant within 6 months of the date of this decision.
JOHN R. CARUSO, J.